NOT FOR PUBLICATION                    [Docket Nos. 7, 8, 10 & 12]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                               :
RENEE A. CHRUSTOWSKI,          :
                               :
        Plaintiff,             :   Civil No. 06-4847 (RMB)
                               :
        v.                     :   OPINION
                               :
CUMBERLAND COUNTY GUIDANCE     :
CENTER, et al.,                :
                               :
        Defendants.            :
_____:
```

Appearances:

Renee A. Chrustowski
148 Highland Avenue
Pennsville, New Jersey 08070
    Plaintiff pro se

Christine Kenny, Deputy Attorney General
Office of Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
    Attorneys for Defendant Rowan University

David A. Rapuano, Esquire
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, New Jersey 08033
    Attorneys for Defendant J & J Staffing Resources, Inc.

Wayne E. Pinkstone, Esquire
Saul Ewing LLP
750 College Road East
Princeton, New Jersey 08540-6617
    Attorneys for Defendant Mannington Mills, Inc.

1

**BUMB**, United States District Judge:

This matter comes before the Court upon Defendant Rowan University's Motion to Remand to the Superior Court of New Jersey because it does not consent to removal of this action under 28 U.S.C. § 1441.  This matter also comes before the Court upon Defendant Mannington Mills' Motion to Dismiss and Motion for a More Definite Statement, and Defendant J & J's Motion to Sever pursuant to Federal Rules of Civil Procedure 20 and 21.

**Background**:

On September 7, 2006, Plaintiff Renee A. Chrustowski filed a Complaint in Superior Court of New Jersey, Salem County, Law Division, Docket No. L-280-06, against Defendants Cumberland County Guidance Center, J & J Staffing Resources, Inc. ("J & J"), Mannington Mills, Inc. ("Mannington Mills"), and Rowan University.  In her Complaint, Plaintiff seemingly alleges violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-01 et seq.; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; and, the Age Discrimination in Employment Act.  Plaintiff also alleges "a [b]reach of contract" and "wrongful termination in employment."  Plaintiff provides neither the facts underlying these alleged violations nor any indication of how each Defendant was involved.

On October 10, 2006, Defendant J & J filed a Notice of Removal pursuant to 28 U.S.C. §1441 et seq., and the matter was

subsequently removed to this Court.

**Discussion:**

Defendant Rowan University asks that this matter be remanded to state court as it does not consent to the removal. Pursuant to 28 U.S.C. § 1446(c), this Court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal. Defendant Rowan University filed its Motion to Remand within 30 days of J & J's Notice of Removal. [Docket Entry 12].[1]

Section 1446(a) of Title 28 of the United States Code requires that "[a] defendant or defendants desiring to remove any civil action...shall file...a notice of removal." "[I]t is well established that removal generally requires unanimity among the defendants." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Failure of all defendants to join is a "defect in removal procedure" within the meaning of Section 1447(c). Id. The unanimity rule may be disregarded, however, where (1) a non-joining defendant is an unknown and nominal party; or (2) where a defendant has been fraudulently joined. Id. at n.4. Another exception exists where a non-resident defendant has not been served at the time the removing defendants filed their petition.

---

[1] The Court notes that no opposition to the motion to remand has been filed by any party.

Id.  These exceptions are inapplicable here and no party has argued to the contrary.

Because federal courts are courts of limited jurisdiction, the removal statute, 28 U.S.C. § 1441 et seq., is to be strictly construed.  See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Moreover, the rule of unanimity advances "the congressional purpose of giving deference to a plaintiff's choice of state forum and of resolving doubts against removal in favor of remand."  McManus v. Glassman's Wynnefield Inc., 710 F. Supp. 1043, 1045 (E.D. Pa. 1989)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  Here, because Defendant Rowan University has not consented and does not consent to the removal of this action, there is no unanimity in the removal petition.  Because there is no unanimity and Defendant Rowan University has timely moved to remand, the motion should be granted.  See Alves v. Eagle Crane Serv. Inc., 2006 U.S. Dist. LEXIS 21042 at *9-10 (remanding matter to state court where the rule of unanimity as required by 28 U.S.C. § 1446 had not been met).

Defendants J & J and Mannington Mills urge this Court to consider their respective motions (i.e., the Motion to Sever, Motion to Dismiss and Motion for a More Definite Statement) prior to ruling on Defendant Rowan University's remand motion. Although the failure of all defendants to join in a removal

petition is a "defect in removal procedure" within the meaning of § 1447(c), but is not deemed to be jurisdictional, see Balazik, 44 F.3d at 213, the Court, nevertheless, will not address these motions.  The Court concludes that once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is remanded back to the court of initial jurisdiction for proceedings.  This approach is consistent with the well-established principle that federal courts are of limited jurisdiction.  Thus, in light of the Court's remand of the above-captioned matter pursuant to § 1447(c), the remaining motions are denied as moot.

     An accompanying Order will issue this date.

Dated: December 20, 2006         s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      United States District Judge